Jack Weinstein and Fidgie Weinstein, his wife v. Commissioner of Internal Revenue.
Weinstein v. Commissioner of Internal Revenue
Docket No. 35769.
United States Tax Court
1952 Tax Ct. Memo LEXIS 58; 11 T.C.M. (CCH) 1026; T.C.M. (RIA) 52305; October 24, 1952
*58 Richard W. Wilson, Esq., 420 Lexington Ave., New York, N. Y., for the petitioners. S. Jarvin Levison, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined deficiencies and delinquency penalties in petitioners' income tax liability for the years 1946 through 1949 as follows: Delinquency pen-
alties under
Year
Deficiency
section 291(a)
1946
$110.19
$ 58.64
1947
56.41
87.36
1948
109.00
79.06
1949
172.48
111.00 Certain issues are no longer contested. The question to be decided is whether respondent correctly determined petitioners' taxable income for the years involved by use of the net worth method. Findings of Fact Petitioners, husband and wife, are residents of Forest Hills, New York and resided there during the years in controversy. Joint returns for all of these years were filed with the collector of internal revenue for the first district of New York on November 21, 1950. During the period from January 1, 1946 to October 1951, Jack Weinstein, hereinafter called petitioner, was a bookmaker. Bookmaking is illegal under the laws of the State of New York. Petitioner *59 did not keep any records of his bookmaking activities and did not file timely Federal income tax returns because he did not want to have any record of his illegal operations. Prior to 1946, petitioner was engaged in a legitimate occupation, and filed Federal income tax returns in those years. His income during that prior period was a little more than $3,000 a year. On October 11, 1950, counsel for petitioner wrote to the collector of internal revenue for the first district of New York, for the attention of George Keim, Deputy Collector. Pursuant to Keim's request, counsel forwarded Statements of Financial Condition as of December 31 for each of the years 1945 through 1949, sworn to by petitioner, and Statements of Estimated Expense for Maintenance of Family and Personal Items for the years 1946 through 1949. Petitioner's net worth decreased $626.28 from December 31, 1945 to December 31, 1946. Petitioner's expense for the maintenance of family and personal items during 1946 was $4,381. His adjusted gross income for 1946 was $3,754.72. Petitioner had unreported income of $554.72 for 1946. Petitioner's net worth decreased $112.26 from December 31, 1946 to December 31, 1947. His *60 expense for maintenance of family and personal items during 1947 was $3,870. His adjusted gross income for 1947 was $3,757.74. Petitioner had unreported income of $282.74 for 1947. Petitioner's net worth increased $251.28 from December 31, 1947 to December 31, 1948. His expense for the maintenance of family and personal items for 1948 was $3,502.29. His adjusted gross income for 1948 was $3,753.57. Petitioner had unreported income of $653.57 for 1948. Petitioner's net worth increased $1,403.53 from December 31, 1948 to December 31, 1949. His expense for maintenance of family and personal items for 1949 was $3,210.58. His adjusted gross income for 1949 was $4,614.11. Petitioner had unreported income of $1,039.11 for 1949. Opinion Petitioner having accepted as binding on the penalty question the denial of certiorari, , in United States v. Erie Forge Co. (C.A. 3) , the sole remaining issue is disposed of by our findings of fact. We have accepted as correct respondent's reconstruction of petitioner's income on the net worth and living expense basis because the evidence produced on behalf of petitioner is totally inadequate *61 to sustain his burden of overcoming the presumption of correctness inhering in the notice of deficiency. ; . Although engaged in a business, albeit of an illegal character, petitioner kept no records and there is no alternative to pursuing the course adopted by respondent and accepting his figures if they are not proved incorrect. . In fact, petitioner's own testimony was that his income for the years in issue "ran anywheres from around $3,500 to $4,000." For the four years, our findings show adjusted gross income of $3,754.72, $3,757.74, $3,753.57 and $4,614.11. Only the last year was hence outside the limits set by petitioner's own statement. As to that year, 1949, petitioner's own brief in effect concedes that a net worth computation would produce an understatement of income of $988.21, or only approximately $50 less than that determined by respondent and approved in our findings. There is no attempt to attribute fraud to petitioner and hence no shifting of the burden of proof. But his concededly unlawful activities *62 furnish at once a motive for concealment of income and a ground for failing to give his evidence the weight to which it might otherwise be entitled. . Under all the circumstances, we accordingly conclude that there has been no showing of error in respondent's determination. ; Decision will be entered for the respondent.